# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: James and Jaclyn Hunt ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| v. ) | |
| ) | |
| Bayview Loan Servicing, LLC ) | |
| 4425 Ponce de Leon Blvd. ) | |
| 5th Floor ) | |
| Coral Gables, FL 33146 ) | July Demand Requested |
| ) | |
| Defendant ) | |

## COMPLAINT

Now come Plaintiffs, by and through their attorneys, and, for their Complaint alleges as follows:

1. Plaintiffs, James and Jaclyn Hunt, bring this action to secure redress from unlawful collection practices engaged in by Defendant, Bayview Loan Servicing, LLC. Plaintiff alleges violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA") and the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

4. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that the only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall liberally be construed to carry out these objects and purposes......It is further declared to be the public policy of this State to protect consumers against debt collection abuse" 225 ILCS 425/1a.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

8. Plaintiffs are a resident of the State of Illinois.

9. Defendant ("Bayview Loan Servicing, LLC"), is an Florida business entity with an address of 4425 Ponce de Leon Blvd 5th Floor Coral Gables, FL 33146 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

10. Unless otherwise stated herein, the term "Defendant" shall refer to Bayview Loan Servicing, LLC

11. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

12. At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

13. Specifically, Defendant was the servicer of Plaintiffs' Mortgage and Defendant acquired this mortgage when Plaintiffs were in default of his mortgage obligations with the original mortgage lendor.

14. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## FACTS APPLICABLE TO ALL COUNTS

15. Plaintiffs filed for Chapter 7 Bankruptcy on September 4, 2014.
16. Defendant had full notice of the Plaintiffs' Bankruptcy protection.
17. Following the filing of the Plaintiffs' Bankruptcy, while the Bankruptcy was active, Defendant's successfully petitioned for a release of the Automatic Stay to being foreclosure proceedings against the Plaintiffs' house without any personal liability to the Plaintiffs.
18. Despite protection of the Bankruptcy Automatic Stay, Defendant is still seeking to collect on this debt from the Plaintiffs. See Exhibit A.

## FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.
20. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiff, even though it actually knew that Plaintiff was retained by an Attorney.
21. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on.

## ILLINOIS COLLECTION AGENCY ACT

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

23. A private right of action exists for violation of the ICAA. Sherman v. Field Clinic, 74 Ill. App. 3d 21, 392 N.E. 2d 154 (1st Dist. 1979).
24. Defendant, in the regular course of business, engages in debt collection and is a "collection agency" as defined by 225 ILCS 425/2.02.
25. The Defendant's conduct violated 225 ILCS 425/9(a)(31) in that Defendants engaged in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.
26. The Defendant's conduct violated 225 ILCS 425/9.2(a)(2) in that it contacted Plaintiff directly in spite of knowing that Plaintiff was represented by Counsel.
27. The Defendant's conduct violated 225 ILCS 425/9(a)(20) in that it attempted to enforce it's right to collect on a debt that it knew or should have known was not legally enforceable.
28. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Illinois Collections Agency Act, including every one of the above-cited provisions.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Chang & Carlin, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@changandcarlin.com
Attorney for Plaintiff